UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

<table>
<tr><td>Rolls Royce Paschal</td><td>N/A</td></tr>
<tr><td>Deputy Clerk</td><td>Court Reporter</td></tr>
</table>

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

Not Present                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [40]**

In this putative class action, Plaintiff Kevin Gregerson ("Plaintiff") asserts claims against Defendant Toshiba American Business Solutions, Inc. ("TABS" or "Defendant") arising out of a data breach.  (Dkt. 12 (First Amended Complaint, "FAC").)  The parties have reached a proposed settlement agreement (the "Settlement").  (Dkt. 40-1 (Settlement Agreement, "SA").)  Before the court is Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Approval of Class Notice ("Motion" or "Mot.").  (Dkt. 40.)  The Motion is supported by the Declaration of Raina Borelli ("Borelli Declaration" or "Borelli Decl.").  (Dkt. 40-2.)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the hearing set for May 1, 2025, is **VACATED** and off calendar.  Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

**I.    Background**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

A.    **Factual and Procedural Background**

TABS provides copiers, printers, managed document services, and digital signage for businesses.  (FAC ¶ 2.)  Through this business, TABS stores personal identifiable information ("PII") about its current and former employees.  (*Id.* ¶ 3.)  TABS "lost control" over its current and former employees' PII "when cybercriminals infiltrated its insufficiently protected computer systems in a data breach," which Plaintiff refers to as "the Data Incident."  (*Id.* ¶ 4; Mot at 1.)  About six months later, TABS "began to notify victims of the" Data Incident.  (FAC ¶ 4.)

Plaintiff "is a former employee of" TABS and a "victim" of the Data Incident.  (FAC ¶¶ 8, 40-47.)  In the FAC,[1] Plaintiff alleges that TABS did not adequately safeguard its employees' PII, including by failing to "adequately train its employees on reasonable cybersecurity protocols or implement reasonable security measures."  (*Id.* ¶ 33.)  Plaintiff asserts claims for (1) negligence, (2) negligence *per se*, (3) breach of implied contract, (4) invasion of privacy, (5) breach of fiduciary duty, (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, (7) violation of California Consumer Privacy Act, Cal. Civ. Code § 1798.150, and (8) declaratory relief.  (*Id.* ¶¶ 89-191.)

B.    **The Proposed Settlement**

Over the "course of several months, the Parties engaged in arms' length settlement negotiations that included informal exchange of information."  (Mot. at 2.)  After "significant negotiations" the parties reached the Settlement.  (*Id.*)

---

[1] Saundra Sonnier filed the original complaint in this action (Dkt. 1) but is not a party to the FAC.  (*See generally* FAC.)  After Plaintiff filed the FAC, the court granted a stipulation to amend the case caption to reflect the change in plaintiff and Sonnier's status as plaintiff was terminated.  (Dkt. 27; *see* Mot. at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                               Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

Under the Settlement, Defendants agree to establish a non-reversionary common fund of $435,000.00 (the "Settlement Fund") to resolve all valid class claims, claims for attorneys' fees and costs, as well as payment of class representative compensation and the costs of administering the Settlement. (SA ¶¶ 1.30-.31, 3.2.)

The Settlement Fund will be used for four main purposes. First, the fund will be used to reimburse class members for documented out-of-pocket expenses which are fairly traceable to the data breach. (*Id.* ¶ 2.2.) Second, all "California Settlement subclass members can make a claim for a $150.00 cash payment." (*Id.* ¶ 2.4.) Third, all class members may make a claim for a *pro rata* share of the cash remaining in the Settlement Fund after claims for out-of-pocket expenses and the California subclass payments have been disbursed. (*Id.* ¶ 2.5.) Fourth, the Settlement Fund will pay for attorneys' fees and costs, a service award for the class representative, and administrative costs. (*Id.* ¶¶ 7.1, 7.3.) Proposed Class Counsel[2] ("Counsel") intend to seek no more than one-third of the settlement fund in fees and reimbursement for costs and expenses, as well as $5,000 as a service award for the class representative. (*Id.* ¶¶ 7.1-3; Mot. at 6.) TABS has agreed not to oppose, "up to one third of the Settlement Fund for … attorney's fees, as well as any costs and expenses" and "an order from the Court awarding a $5,000 service award to the" class representative. (SA ¶¶ 7.2, 7.3.)

As part of the Settlement, TABS "has implemented or will implement certain reasonable steps to adequately secure its systems and environments to prevent the likelihood of another data incident from occurring in the future" in accordance with a confidential declaration provided to Plaintiff. (*Id.* ¶ 2.7.) Moreover, TABS provided "reasonable access to confidential confirmatory discovery regarding the number of Settlement Class Members and state of residence, the facts and circumstances of the Data Incident and TABS' response thereto, and the changes and improvements that have been made or are being made to further protect Settlement Class Members' PII." (*Id.* ¶ 2.8.)

---

[2] The parties propose that the court appoint Raina Borrelli and Andrew Gunem of Strauss Borrelli PLLC and Kennedy M. Brian and William B. Federman of Federman & Sherwood as counsel for the class. (SA ¶ 1.21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

In exchange for the Settlement's benefits, participating class members agree to release any claims that have been, were, or could have been asserted by any member of the class against TABS, and TABS' owners and subsidiaries, "based on, relating to, concerning or arising out of the Data Incident and alleged theft of personal information or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation as they related to the Data Incident." (*Id.* ¶ 1.22-1.24.)

## II.    Discussion

In deciding whether to grant preliminary approval of the Settlement, the court reviews (1) the requirements for provisional class certification, (2) the fairness of the Settlement, including attorney fees, (3) the adequacy of the proposed notice, and (4) the appointment of a settlement administrator.

### A.    Rules 23(a) and (b): Provisional Class Certification

Plaintiff seeks to certify the following class:

> [A]ll United States residents who were mailed notice by TABS that their personal information was impacted in a data incident beginning on approximately December 4, 2023. However, the Settlement Class specifically excludes: (i) TABS, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                      Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

(Mot. at 2; SA ¶ 1.28.)  Plaintiff also seeks to certify the following California subclass:

> [A]ll persons residing in California who were mailed notification of
> the Data Incident from TABS at a California address.

(Mot. at 2; SA ¶ 1.2.)  When a plaintiff seeks provisional class certification for the purpose of settlement, the court must ensure that the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b) are met.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Staton v. Boeing Co*., 327 F.3d 938, 952–53 (9th Cir. 2003).

### 1.    Rule 23(a) Requirements

Under Rule 23(a), the plaintiff must show that the class is sufficiently numerous, that there are questions of law or fact common to the class, that the claims or defenses of the representative parties are typical of those of the class, and that the class representatives will fairly and adequately protect the class's interests.  Fed. R. Civ. P. 23(a)(1)-(4).

### a.  Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "No exact numerical cut-off is required; rather, the specific facts of each case must be considered."  *In re Cooper Cos. Inc. Sec. Litig*., 254 F.R.D. 628, 634 (C.D. Cal. 2009) (citing *Gen. Tel. Co. of Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980)).  "As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members."  *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc*., 311 F.R.D. 590, 602-03 (C.D. Cal. 2015); *see Tait v. BSH Home Appliances Corp.,* 289 F.R.D. 466, 473–74 (C.D. Cal. 2012); *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members," while

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                           Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

"[o]n the low end, the Supreme Court has indicated that a class of 15 'would be too small to meet the numerosity requirement.'").

Counsel estimates that the proposed class includes approximately 6,883 members. (SA at 1; Mot. at 18.) The court finds that such a large class size would make joinder impracticable, and proceeding as a class would promote the efficiency and economy of this action. *See Bowdle v. King's Seafood Company, LLC*, 2022 WL 19235264, at *3 (C.D. Cal. Oct. 19, 2022) (finding numerosity in putative data breach class action with approximately 2,875 people in class); *cf. Hashemi v. Bosley, Inc.*, 2022 WL 2155117, at *2 (C.D. Cal. Feb. 22, 2022) (finding numerosity in data breach case with approximately 100,000 people in the class); *cf. Koenig v. Lime Crime, Inc.*, 2017 WL 11635955, at *3 (C.D. Cal. Nov. 20, 2017) (finding numerosity in data breach case with more than 100,000 people in the class). The court therefore concludes that Plaintiff has made a sufficient showing to satisfy Rule 23(a)'s numerosity requirement at this stage of the proceedings.

### b. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The plaintiff must "demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Rather, the plaintiff's claim must depend on a "common contention" that is capable of class-wide resolution. *Id.* This means "that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "[A] common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                              Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

Plaintiff asserts that commonality is satisfied because their claims turn on: "(i) whether Settlement Class Members' PII was compromised in the Data Incident; (ii) whether Defendant owed a duty to Plaintiff and Settlement Class Members to protect their PII; (iii) whether Defendant breached its duties; and (iv) whether Defendant violated common law" or statutes. (Mot. at 18.)  Because the Data Incident and the adequacy of Defendant's security environment are common causes of Plaintiff's and the class members' alleged injuries, Plaintiff's allegations give rise to common questions of law and fact.  *See Hashemi*, 2022 WL 2155117, at *3 (finding commonality when there were common questions of "whether Defendant breached its duty to safeguard the Class's PII, whether Defendant unreasonably delayed in notifying the Class about the data breach, and whether Defendant's security measures or lack thereof violated various statutory provisions"); *Koenig*, 2017 WL 11635955, at *3 ("The core allegation of all Class Members is that Lime Crime did not reasonably protect their PII and failed to notify them in a timely manner.  Commonality is therefore satisfied." (citation omitted)).  Accordingly, the court finds the commonality requirement is met.

### c.  Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class."  Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Castillo v. Bank of America, NA*, 980 F.3d 723, 725 (9th Cir. 2020) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other Class Members have been injured by the same course of conduct."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (cleaned up).  "In determining whether typicality is met, the focus should be 'on the defendants' conduct and plaintiff's legal theory,' not the injury caused to the plaintiff."  *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 734 (9th Cir. 2007) (quoting *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005)) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                                      Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

In this case, Plaintiff alleges that, like every other class member, their PII was compromised during the Data Incident, which was caused by the same allegedly deficient security practices. (Mot. at 18-19.) Plaintiff's claims are thus "reasonably coextensive" with those of the class. *Hanlon*, 150 F.3d at 1020; *Koenig*, 2017 WL 11635955, at *4 (finding typicality satisfied when "Lead Plaintiffs were customers of Lime Crime and their PII was potentially exposed during the Incident; their claims derive from the same set of facts and legal theories as all Class Members"); *Hashemi*, 2022 WL 2155117, at *3 (similar). Accordingly, the court concludes the typicality requirement is met.

### d. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020).

Based on the record, the court finds there is no evidence of a conflict of interest between Plaintiff and the class. Plaintiff's claims are identical to those of the other class members, and they have every incentive to vigorously pursue those claims. Nor is there any evidence that Counsel will not adequately represent or protect the interests of the class. Counsel is experienced in class action and data breach cases, and counsel has competently prosecuted Plaintiff's case to date. (Mot. at 19; Borrelli Decl. ¶¶ 10, 12); *see Koenig*, 2017 WL 11635955, at *4 (finding adequacy when there was no apparent conflict of interest and plaintiffs were represented by counsel with extensive consumer class action litigation experience, including data breach cases); *Hashemi*, 2022 WL 2155117, at *3 (similar). Adequacy is also satisfied here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                                  Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

### 2.    Rule 23(b) Requirements

In addition to the requirements of Rule 23(a), Plaintiff must satisfy the requirements of Rule 23(b). Here, Plaintiff seeks certification under Rule 23(b)(3) for settlement purposes only. (Mot. at 19.) Rule 23(b)(3) allows certification when (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

### a.  Predominance

Although the predominance requirement overlaps with Rule 23(a)(2)'s commonality requirement, it is a more demanding inquiry. *Hanlon*, 150 F.3d at 1019. The "main concern in the predominance inquiry . . . [is] the balance between individual and common issues." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009). The plaintiff must show that "questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013).

Plaintiff argues that common issues predominate here because the primary issue in this case is whether "Defendant used reasonable data security to protect" the employees' PII. (Mot. at 20.) Courts in similar data breach cases have found common questions like this sufficient to satisfy the predominance requirement. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2020 WL 4212811, at *7 (N.D. Cal. July 22, 2020), *aff'd,* 2022 WL 2304236 (9th Cir. June 27, 2022) (ruling predominance satisfied because plaintiffs' case turned "on whether Yahoo used reasonable data security to protect plaintiffs' Personal Information, and on whether Yahoo provided timely notice in connection with the Data Breaches"); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 312 (N.D. Cal. 2018) (finding predominance satisfied because "the focus would remain on the extent and sufficiency of the specific security measures [defendant] employed"); *Hashemi*, 2022 WL 2155117, at *4 (finding predominance in data breach case);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

*Koenig*, 2017 WL 11635955, at *4 ("[T]he question of whether Lime Crime exposed Class Members' PII and failed to timely notify them is common to the entire class, and predominates over individual issues."). The court finds the adequacy of TABS' data security practices constitutes a question common to all class members that predominates over any individual issues.

### b. Superiority

Class actions certified under Rule 23(b)(3) must also be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts consider four nonexclusive factors in evaluating whether a class action is the superior method for adjudicating a plaintiff's claims: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class, (3) the desirability of concentrating the litigation of the claims in the particular forum, and (4) the difficulties likely to be encountered in the management of a class action. *Id.*

In this case, proceeding as a class is superior to other methods of resolving claims arising from the data breach. A class action may be superior when "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). A class action may also be superior when "no realistic alternative" to a class action exists. *Id.* at 1234-35. Given the common issues presented by all class members, adjudicating these claims on an individual basis for thousands of potential plaintiffs would not be feasible. *See, e.g.*, *Bowdle*, 2022 WL 19235264, at *5 (finding superiority in data breach case with close to three thousand plaintiffs because individual litigation would have been "not only inefficient, but also unrealistic").

Accordingly, the court finds the requirements of Rule 23(a) and Rule 23(b)(3) are met. The Court **GRANTS** provisional certification of the class and California subclass for settlement purposes.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

### B.    Rule 23(e): Preliminary Approval of Proposed Settlement Agreement

Although there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998), a settlement of class claims requires court approval. Fed. R. Civ. P. 23(e). This is because "[i]ncentives inhere in class-action settlement negotiations that can, unless checked through careful district court review of the resulting settlement, result in a decree in which the rights of class members, including the named plaintiffs, may not be given due regard by the negotiating parties." *Staton*, 327 F.3d at 959 (cleaned up).

Rule 23(e) governs class action settlement approval. Courts may approve class action settlements only when they are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination, courts must consider whether (1) the class representatives and class counsel have adequately represented the class, (2) the proposal was negotiated at arm's length, (3) the relief provided for the class is adequate, and (4) the proposal treats class members equitably relative to each other. *Id.* 23(e)(2)(A–D).

### 1.    Adequacy of Class Representative and Class Counsel

As stated in the Court's analysis of the Rule 23(a) factors, the class representative and class counsel have ably represented the class and have efficiently secured a significant settlement. The court finds there is no evidence of a conflict of interest between Plaintiff and the class. Plaintiff's claims are identical to those of the class, and Plaintiff has every incentive to vigorously pursue those claims. Nor is there any evidence that Counsel will not adequately represent or protect the interests of the class. Plaintiff's attorneys—Raina Borelli at Strauss Borrelli and Kennedy Brian and William Federman at Federman & Sherwood—have extensive experience litigating complex matters, including data breach class actions. (*See* Borelli Decl. ¶¶ 10–12, Ex. A, Ex. B.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                           Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

### 2.    Arm's Length Negotiation

Rule 23(e)(2)(B) requires that "the proposal was negotiated at arm's length."  Fed. R.
Civ. P. 23(e)(2)(B).  Here, the parties exchanged informal discovery and engaged in
negotiations "over the span of many weeks."  (Mot. at 8.)  There is no indication that the
negotiations were collusive, and Counsel affirms that the Settlement was negotiated at arm's
length.  (*Id*. at 8-9.)  The court notes that the parties did not appear before a neutral mediator,
which would have provided "positive evidence that settlement negotiations were conducted at
arm's length."  *Bailey v. Kinder Morgan G.P., Inc.*, 2020 WL 5748721, at *4 (N.D. Cal. Sept.
25, 2020).  At this time, however, the court is satisfied that the Settlement was not collusive; at
final approval, the court will closely examine all relevant factors to determine "whether the
Settlement Agreement was truly negotiated at arm's length."  *Bowdle*, 2022 WL 19235264, at
*7 (granting preliminary approval where settlement was not negotiated before a neutral
mediator).

### 3.    Adequacy of Class Relief

In determining whether class relief is "adequate," courts must analyze "(i) the costs, risks,
and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief
to the class, including the method of processing class-member claims; (iii) the terms of any
proposed award of attorney's fees, including timing of payment; and (iv) any agreement
required to be identified under Rule 23(e)(3)."  *Id.* 23(e)(2)(C).[3]

---

[3] Before Congress codified these factors in 2018, the Ninth Circuit instructed district courts to
apply the following factors in determining whether a settlement agreement was fair, reasonable,
and accurate: "[1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely
duration of further litigation; [3] the risk of maintaining class action status throughout the trial;
[4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the
proceedings; [6] the experience and views of counsel; [7] the presence of a governmental
participant; and [8] the reaction of the class members to the proposed settlement."  *Roes, 1-2,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

### a.  The Costs, Risks, and Delay of Trial and Appeal

The Settlement reflects a substantial outcome for the employees affected by the Data Incident.  Class members are eligible for compensation in the form of out-of-pocket expense reimbursement and *pro rata* payment.  (SA ¶¶ 2.2, 2.5.)  Members of the California sub-class will also receive a statutory award of $150 per person.  (*Id.* ¶ 2.4.)

The Settlement provides adequate financial compensation: if the Settlement Fund, minus the expected one-third fees and costs request, were divided equally among each class member, each person would receive about $40.00.  (*See* Mot. at 9 n.4.)  Other courts have approved settlements in privacy and security cases with much lower recovery per person.  *See, e.g.*, *In re Yahoo!*, 2020 WL 4212811, at *10 (approving a settlement fund of $117.5 million with a settlement class size of approximately 194 million and collecting cases where recovery was only a few dollars per person or less); *Hashemi.*, 2022 WL 2155117, at *7 (collecting cases with estimated settlement values of less than $1 per class member).  And numerous privacy class actions have settled for non-monetary relief only.  *See, e.g.*, *Campbell v. Facebook Inc.*, 2017 WL 3581179, at *8 (N.D. Cal. Aug. 18, 2017) (granting final approval of settlement providing for declaratory and injunctive relief in litigation alleging Facebook engaged in user privacy violations), *aff'd*, 951 F.3d 1106 (9th Cir. 2020); *In re Google LLC St. View Elec. Commc'ns Litig.*, 2020 WL 1288377, at *16 (N.D. Cal. Mar. 18, 2020) (granting final approval of settlement providing injunctive relief and creating a non-distributable *cy pres* settlement fund in litigation alleging Google violated privacy by illegally gathering Wi-Fi network data).

Moreover, the Settlement offers relief beyond monetary compensation.  As part of the Settlement, TABS has implemented or will implement practices to reduce the likelihood of

---

944 F.3d at 1048; *Staton*, 327 F.3d at 959.  The court still considers these factors to the extent that they shed light on the Rule 23(e) inquiry.  *See Wong v. Arlo Techs., Inc.*, 2021 WL 1531171, at *8 (N.D. Cal. Apr. 19, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

another data breach occurring in the future.  (SA ¶ 2.7.)  This nonmonetary relief benefits all class members, including those who do not submit a claim form.

The court further finds the benefits class members will receive under the Settlement present a fair compromise given the costs, risks, and delay of trial and appeal.  Although litigation had not progressed far in this case, the parties had the benefit of informal discovery and significant negotiation.  (Borrelli Decl. ¶¶ 9-10.)  With that information, the parties were able to realistically value the scope of Defendant's potential liability and assess the costs, risks, and delay of moving forward with class certification, motion practice, and trial.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (explaining that approving the settlement is favored when the "parties have sufficient information to make an informed decision about settlement" (cleaned up)).

Those costs and risks are not insignificant.  Because this case has not yet progressed very far, substantial litigation costs would be required to take this case to trial.  "Numerous depositions and document and other written discovery would be required if the case continued." *Farrar v. Workhorse Grp., Inc.*, 2023 WL 5505981, at *7 (C.D. Cal. July 24, 2023).  "Extensive and expensive expert discovery would also be necessary."  *Id.*  There are also significant risks associated with class certification, summary judgment, and trial, especially in this data breach case when tying Plaintiff's alleged injuries to this particular data breach may be difficult.  *See In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *3 (N.D. Cal. 2007) ("Additional consideration of increased expenses of fact and expert discovery and the inherent risks of proceeding to summary judgment, trial and appeal also support the settlement."); *Hashemi*, 2022 WL 2155117, at *7 (explaining that "data breach class actions are a relatively new type of litigation and that damages methodologies in data breach cases are largely untested and have yet to be presented to a jury"); *Gaston v. FabFitFun, Inc.*, 2021 WL 6496734, at *3 (C.D. Cal. Dec. 9, 2021) ("Historically, data breach cases have experienced minimal success in moving for class certification."); *see also In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *3 (N.D. Cal. Nov. 26, 2007) ("Additional consideration of increased expenses of fact and expert discovery and the inherent risks of proceeding to summary judgment, trial and appeal also

**CIVIL MINUTES – GENERAL**                                                                14

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                          Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

support the settlement."); *In re Netflix Privacy Litig.*, 2013 WL 1120801, at *6 (N.D. Cal. Mar.
18, 2013) ("The notion that a district court could decertify a class at any time is one that weighs
in favor of settlement." (citation omitted)).  Even if Plaintiff could secure a better result than the
Settlement represents at trial, any result obtained after additional litigation or trial would take
significantly longer and there is a risk that Plaintiff could have received much less, or nothing at
all.  *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041-42 (N.D. Cal. 2008)
(discussing how a class action settlement offered an "immediate and certain award" in light of
significant obstacles posed through continued litigation).

The court finds that elimination of all of these costs, risks, and delays weighs heavily in
favor of approving the Settlement.  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir.
2009); *Curtis-Bauer v. Morgan Stanley & Co., Inc.*, 2008 WL 4667090, at *4 (N.D. Cal. Oct.
22, 2008) ("Settlement avoids the complexity, delay, risk and expense of continuing with the
litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class.").

### b.  The Effectiveness of the Proposed Method of Distribution of Class Relief

Next, the court must consider "the effectiveness of any proposed method of distributing
relief to the class, including the method of processing class-member claims."  Fed. R. Civ. P.
23(e)(2)(C).  "Often it will be important for the court to scrutinize the method of claims
processing to ensure that it facilitates filing legitimate claims."  Fed. R. Civ. P. 23 advisory
committee's note to 2018 amendment.  "A claims processing method should deter or defeat
unjustified claims, but the court should be alert to whether the claims process is unduly
demanding."  *Id.*

In this case, the court finds the relief distribution is straightforward.  Class members may
submit a simple claim with supporting documentation for reimbursement or select a *pro rata*
cash payment.  (Mot. at 16.)  Class members may submit the claim form either by mail or

CIVIL MINUTES – GENERAL                                                    15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                          Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

online.  (*Id.*)  The court concludes this procedure for filing claims "is not unduly demanding."
*Bowdle*, 2022 WL 19235264, at *8 (approving a similar process for filing claims).

### c.  Attorney Fees Award

Next, the court must consider "the terms of any proposed award of attorneys' fees,
including timing of payment," in determining whether the class's relief is adequate.  Fed. R.
Civ. P. 23(e)(2)(c).  When reviewing attorney fee requests in class action settlements, courts
have discretion to apply the percentage-of-the-fund method or the lodestar method to determine
reasonable attorney fees.  *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *In re
Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011).  In considering the
proposed attorney fee award, the court must also scrutinize the Settlement for three factors that
tend to show collusion: (1) when counsel receives a disproportionate distribution of the
settlement, (2) when the parties negotiate a "clear sailing arrangement," under which the
defendant agrees not to challenge a request for agreed-upon attorney fees, and (3) when the
agreement contains a "kicker" or "reverter" clause that returns unawarded fees to the defendant,
rather than the class.  *Briseno v. ConAgra Foods, Inc.*, 998 F.3d 1014, 1022 (9th Cir. 2021).

Beginning with the markers of collusion, the court finds the Settlement does not contain a
reverter clause that returns unawarded fees to Defendant.  *See Briseno*, 998 F.3d at 1022.
Rather, any unawarded fees will be distributed *pro rata* among claimants.  (SA ¶ 2.5.)
However, the agreement does have a "clear sailing" provision in which TABS agreed that it will
not challenge an award for attorneys' fees and costs up to one third of the Settlement Fund.  (*Id.*
¶ 7.2.)  "This causes some concern for the Court because it represents some form of agreement,
by Defendant, not to oppose a motion for attorneys' fees."  *Gruber v. Grifols Shared Servs. N.
Am., Inc.*, 2023 WL 8610504, at *9 (C.D. Cal. Nov. 2, 2023).  This is not a "death knell" but
rather means that the court must scrutinize the agreement for signs that the fees counsel requests
are unreasonably high.  *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 610 (9th Cir. 2021).
Specifically, the court must "peer into the provision and scrutinize closely the relationship

CIVIL MINUTES – GENERAL                                                              16

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                                 Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

between attorneys' fees and benefit to the class." *Kim v. Allison*, 8 F.4th 1170, 1180 (9th Cir. 2021).

The fee award in this case is also above the common benchmark of 25% of the fund. *Bluetooth*, 654 F.3d at 942; *Gruber*, 2023 WL 8610504, at *9 (making a similar observation in conjunction with expressing concern with a clear sailing agreement). At this stage, the court "does not find any procedural inadequacies in the negotiating process or substantive inadequacies in the Settlement Agreement's provisions that bar preliminary approval." *In re PostMeds, Inc. Data Breach Litig.*, 2024 WL 4894293, at *5 (N.D. Cal. Nov. 26, 2024) (granting preliminary approval where counsel sought one-third of the settlement fund with a clear-sailing provision). However, at final approval, the court will scrutinize the Settlement closely to determine whether the clear sailing agreement and/or the 33% contemplated fee award are possible reflections of collusion, and also to determine whether a departure from the 25% benchmark is warranted, including by evaluating the proposed fee award against a lodestar cross check.

In addition to the amount of counsel's fees and costs, the court must scrutinize the timing of payment. Fed. R. Civ. P. 23(e)(2)(c). The Settlement provides that any fees awarded to class counsel must be paid within thirty days of the Effective Date, which is the date when the Settlement is finally approved and is no longer under or subject to further appellate review. (*See* SA ¶¶ 7.4, 9.1, 1.12.) That date is well in advance of when class members can expect to be compensated. (*See id.* ¶ 2.6.1-2.6.5 (describing a claims administration process that could extend months after the Effective Date).) "This could cast a slight shadow on the proposed fee and cost arrangements." *Farrar*, 2023 WL 5505981, at *10 (citing *Salas Razo v. AT&T Mobility Servs., LLC*, 2022 WL 4586229, at *13 (E.D. Cal. Sept. 29, 2022) ("[C]ounsel will receive payment at the same time as Class Members, and the timing of payment does not weigh against preliminary approval of the Class Settlement.")). Counsel does not address this issue in the Motion. (*See* Mot. at 15-16.) But Counsel should do so in their final approval briefing.

**d. Agreements Required to Be Identified Under Rule 23(e)(3)**

**CIVIL MINUTES – GENERAL**                                                                17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

The court must also consider whether there is "any agreement required to be identified under Rule 23(e)(3)," Fed. R. Civ. P. 23(e)(2)(C)(iv)—that is, "any agreement made in connection with the proposal," *id.* 23(e)(3).  The parties have identified no agreement other than the proposed Settlement.  (Mot. at 16.)

### 4.    Equitable Class Member Treatment

The final Rule 23(e) factor turns on whether the proposed settlement "treats class members equitably relative to each other."  Fed. R. Civ. P. 23(e)(2).  "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief."  Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.

Under the Settlement, class members are eligible to submit a claim for an out-of-pocket expense reimbursement up to $7,500 and a *pro rata* cash payment.  (SA ¶¶ 2.2, 2.5.)  It is reasonable to allocate more of the settlement fund to members with a documented injury.  *See Bowdle*, 2022 WL 19235264, at *10 (finding differing payouts based on documentation of harm to be reasonable in data breach case); *In re Omnivision Techs., Inc.*, 559 F.Supp. 2d at 1045 (distributing a settlement fund proportionately to actual injury in a securities class action).  The Settlement also treats California sub-class members differently than class members from other states based on their claims that provide for statutory damages.  "This distinction is also reasonable."  *Carter v. Vivendi Ticketing US LLC*, 2023 WL 8153712, at *11 (C.D. Cal. Oct. 30, 2023) (finding it reasonable to treat California class members differently as to statutory damages).  The release is also the same for all class members.  The court finds that the Settlement treats class members equitably.

### 5.    Named Plaintiff Service Award

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                          Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

Next, the court notes that the Settlement indicates that Plaintiff will seek a service award of $5,000.  (SA ¶ 7.3.)  Service awards or incentive awards are payments to class representatives for their service to the class in bringing the lawsuit.  *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).  Courts routinely approve this type of award to compensate representative plaintiffs for the services they provide and the risks they incur during class action litigation.  *Rodriguez*, 563 F.3d at 958-59; *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 499 (E.D. Cal. 2010).  A $5,000 payment is "presumptively reasonable." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015).  At final approval, Counsel should explain the time and effort that Plaintiff expended on behalf of the class.  *See Harris v. Amgen, Inc.*, 2016 WL 7626161, at *9 (C.D. Cal. Nov. 29, 2016) ("Specifically, the Court expects Class Counsel to support its motion for final approval with [a] detailed declaration[] from the named Plaintiff[] outlining the efforts expended and the risks taken on behalf of the class.").  However, at this stage, the court finds the contemplated service award does not weigh against granting preliminary approval.

### 6.    Summary

In sum, after analyzing the Rule 23(e)(2) factors, and taking into consideration the eight factors the Ninth Circuit has provided to guide the court's Rule 23(e)(2) analysis, the court preliminarily concludes that the Settlement is fair, reasonable, and adequate.  *See* Fed. R. Civ. P. 23(e)(2); *Kim*, 8 F.4th at 1178; *Roes, 1-2*, 944 F.3d at 1048; *Staton*, 327 F.3d at 959.

### C.    Notice of the Proposed Settlement

Plaintiff also seeks approval of the proposed manner and form of the notice that will be sent to the class members.  For Rule 23(b)(3) classes, courts "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).

The court finds that the proposed manner of notice is adequate.  Within fourteen days of preliminary approval, TABS will provide RG2 Claims Administration LLC (the "Settlement

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

Administrator") with the name and last known physical address of each class member. (SA ¶ 3.2.) The Settlement Administrator will mail a notice to each class member which will identify the data breach at issue, describe the class benefits and how to obtain them, and direct class members to a settlement website for more information. (*See id.* Ex. A.) The Settlement Administrator will take steps to ensure that class members receive their notice including by using the United States Postal Service's National Change of Address database and by performing skip traces for letters that are returned to the Settlement Administrator. (*See id.* ¶ 3.2.) The Settlement Administrator will also establish a Settlement Website and toll-free hotline. (*See id.*)

The proposed form of notice also meets the requirements of Rule 23(c)(2)(B), which requires that notice to class members "clearly and concisely state, in plain, easily understood language (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that the class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). The notice to be mailed contains this information. (*See* SA Ex. A.)

**D.    Settlement Administrator**

The parties agree and propose that the court appoint RG2 Claims Administration LLC, as the Settlement Administrator. (Mot. at 21; SA ¶ 1.5.) The court finds that RG2 appears to have adequate experience acting as a settlement administrator. *See, e.g.*, *Rodriguez Perez v. First Tech Fed. Credit Union,* 2024 WL 4453291, at *9 (N.D. Cal. Oct. 8, 2024) (appointing RG2 as settlement administrator); *Ayala v. Valley First Credit Union*, 2023 WL 7388870, at *3 (E.D. Cal. Nov. 8, 2023) (same). Because of factors including their experience, the court appoints RG2 as Settlement Administrator. At final approval, the court will evaluate the reasonableness of costs incurred by RG2, and any motion for final approval should include evidence regarding the amount of those costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01201-FWS-ADS                    Date: April 17, 2025
Title: Kevin Gregerson v. Toshiba America Business Solutions, Inc.

## III.    Disposition

For the foregoing reasons, the court **GRANTS** the Motion.  The court further **ORDERS** the following:

A.    The court **APPOINTS** Plaintiff Kevin Gregerson as Class Representative;

B.    The court **APPOINTS** Strauss Borrelli PLLC and Federman & Sherwood as Class Counsel;

C.    The court **PRELIMINARILY APPROVES** the Settlement, subject to further consideration at the final approval stage;

D.    The court **APPOINTS** RG2 Claims Administration, LLC as Settlement Administrator;

E.    The court **APPROVES** the form of the proposed notice and **DIRECTS** the parties and the Settlement Administrator to carry out their obligations under this Order and the Settlement; and

F.    The court sets a Final Approval Hearing for **Thursday, August 28, 2025, at 10:00 a.m.**[4] in **Courtroom 10D**.  The court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the class.

Initials of Deputy Clerk: rrp

---

[4] Should the parties believe another open date on the court's calendar is more amenable to holding the Final Approval Hearing, the parties may file a joint stipulation requesting to continue or advance the hearing date scheduled by the court.