**STRAUSS BORRELLI PLLC**
Andrew G. Gunem (SBN 354042)
agunem@straussborrelli.com
Raina C. Borrelli (*pro hac vice*)
raina@straussborrelli.com
980 N. Michigan Avenue, Ste. 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

**FEDERMAN & SHERWOOD**
William B. Federman (*pro hac vice*)
wbf@federmanlaw.com
Kennedy M. Brian (*pro hac vice*)
kpb@federmanlaw.com
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

*Attorneys for Plaintiff and Proposed Class*
*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN GREGERSON**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.,**<br><br>Defendant. | Case No. 8:24-cv-01201-FWS-ADS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT**<br><br>Judge Fred W. Slaughter<br><br>Date: August 28, 2025<br>Time: 10:00 a.m.<br>Courtroom: 10D (Santa Ana) |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on Thursday, August 28, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard by the Honorable Fred W. Slaughter of the United States District Court for the Central District of California, Southern Division, located in Courtroom 10-D at 411 West 4th Street, Room 1053, Santa Ana, California 92701-4516. Plaintiff, through his undersigned counsel of record, will and hereby does move pursuant to Federal Rule of Civil Procedure 23 for entry of an order, *inter alia*:

(1)     granting final approval of the Settlement;

(2)     finally certifying the Settlement Class for purposes of settlement only;

(3)     finally appointing Plaintiff Kevin Gregerson as Class Representative;

(4)     finally appointing Raina C. Borrelli and Andrew G. Gunem of Strauss Borrelli PLLC and Kennedy M. Brian and William B. Federman of Federman & Sherwood as Settlement Class Counsel;

(5)     finally appointing RG/2 Claims Administration, LLC as Settlement Administrator;

(6)     awarding the requested Attorney Fees, Costs, and Service Award; and

(7)     finding that Notice complied with the Court's Preliminary Approval Order, due process, and the Federal Rules of Civil Procedure.

This Unopposed Motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of Raina C. Borrelli (Exhibit 1), the Declaration of Dana Boub (Exhibit 2), all pleadings and exhibits

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

herein, and any other matter of which this Court may take judicial notice. Pursuant to Local Rule 7-3, proposed Settlement Class Counsel conferred with Defendant, and Defendant does not oppose the relief sought by Plaintiff.

Dated: August 14, 2025        By: */s/ Andrew G. Gunem*
                                   Andrew G. Gunem (SBN 354042)
                                   agunem@straussborrelli.com
                                   Raina C. Borrelli (pro hac vice)
                                   raina@straussborrelli.com
                                   **STRAUSS BORRELLI PLLC**
                                   980 N. Michigan Avenue, Ste. 1610
                                   Chicago, IL 60611
                                   Telephone: (872) 263-1100
                                   Facsimile: (872) 263-1109

                                   William B. Federman (*pro hac vice*)
                                   wbf@federmanlaw.com
                                   Kennedy M. Brian (*pro hac vice*)
                                   kpb@federmanlaw.com
                                   **FEDERMAN & SHERWOOD**
                                   10205 N. Pennsylvania Avenue
                                   Oklahoma City, OK 73120
                                   Telephone: (405) 235-1560

                                   *Attorneys for Plaintiff and Proposed Class*

                                   *Additional Counsel Listed on Signature Page*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

# TABLE OF CONTENTS

I.   INTRODUCTION...............................................................................................1

II.  BACKGROUND..............................................................................................2

    A.  Litigation History.....................................................................................2

    B.  The Settlement Class & California Settlement Subclass.................................3

    C.  Settlement Benefits.....................................................................................4

    D.  The Notice Program..................................................................................5

    E.  Opt-Outs & Objections..............................................................................6

    F.  Claims Administration...............................................................................6

III.  LEGAL STANDARD.......................................................................................6

IV.  ARGUMENT .................................................................................................7

    A.  The Settlement Class satisfies Rule 23(a) and Rule 23(b)(3). .......................7

    B.  Final Approval Is Appropriate Under Rule 23(e). .......................................11

        1.  Class Counsel and Plaintiff Provided Adequate Representation. ..............11

        2.  The Settlement was Negotiated at Arm's Length. ....................................12

        3.  The Settlement Provides Adequate Relief. ..............................................12

        4.  The Settlement Treats Class Members Equitably......................................15

    C.  The Settlement is Proper Under *Briseño* and the *Bluetooth* Factors............16

    D.  The *Hanlon/Staton* Factors Support Final Approval...................................17

        1.  The Strength of Plaintiff's Case..............................................................17

        2.  The Risk, Expense, Complexity, and Duration of Litigation. ...................18

        3.  The Risk of Maintaining Class Action Status............................................18

4.  The Amount Offered in Settlement.............................................19

5.  The Extent of Discovery and Stage of Proceedings...................................19

6.  The Experience and Views of Counsel. .....................................20

7.  The Presence of a Governmental Participant............................................20

8.  The Reaction of the Class Members. ...........................................20

E.  The Notice Program Satisfied Due Process....................................21

V.  CONCLUSION ...................................................................................21

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

# TABLE OF AUTHORITIES

**Cases**

*Atzin v. Anthem, Inc.*,
  No. 2:17-cv-06816, 2022 U.S. Dist. LEXIS 166417 (C.D. Cal. Sep. 14, 2022)....7

*Briseño v. Henderson*,
  998 F.3d 1014 (9th Cir. 2021)................................................................. 2, 7, 16, 17

*Carter v. Vivendi Ticketing United States LLC*,
  No. SACV 22-01981, 2023 U.S. Dist. LEXIS 210744 (C.D. Cal. Oct. 30, 2023)7, 8, 9, 10, 11, 13, 19

*Gupta v. Aeries Software, Inc.*,
  No. SA CV 20-0995, 2023 U.S. Dist. LEXIS 36141 (C.D. Cal. Mar. 3, 2023)....7, 13, 19

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)..................................................... 2, 7, 17, 18, 19, 20

*Harbour v. Cal. Health & Wellness Plan*,
  No. 5:21-cv-03322, 2024 U.S. Dist. LEXIS 7783 (N.D. Cal. Jan. 16, 2024) .. 7, 8, 9, 10, 12, 17, 19

*Hashemi v. Bosley, Inc.*,
  No. CV 21-946, 2022 U.S. Dist. LEXIS 210946 (C.D. Cal. Nov. 21, 2022). 7, 13, 16, 18, 19

*In re Canon United States Data Breach Litig.*,
  No. 20-CV-6239, 2024 U.S. Dist. LEXIS 138499 (E.D.N.Y. Aug. 5, 2024) ......18

*In re Onix Grp., LLC Data Breach Litig.*,
  No. 23-2288, 2024 U.S. Dist. LEXIS 225686 (E.D. Pa. Dec. 13, 2024)..............17

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998)..................................................................6

*Maldini v. Marriott Int'l, Inc.*,
  140 F.4th 123 (4th Cir. 2025) ................................................................18

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

*Mary Nguyen v. Westlake Servs. Holding Co.*,
  No. 8:23-cv-00854, 2025 U.S. Dist. LEXIS 147801 (C.D. Cal. Jan. 27, 2025).....6

*Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*,
  311 F.R.D. 590 (C.D. Cal. 2015) ...........................................................................8

*Tanner v. Plavan Commer. Fueling, Inc.*,
  No. 3:24-cv-1341, 2025 U.S. Dist. LEXIS 150643 (S.D. Cal. Aug. 4, 2025) . 7, 8,
  9, 10, 12, 13, 14, 15, 17, 19, 20, 21

*Tobias v. Nvidia Corp.*,
  No. 20-cv-06081, 2025 U.S. Dist. LEXIS 11615 (N.D. Cal. Jan. 16, 2025) .......15

**Other Authorities**

WILLIAM B. RUBENSTEIN, NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed.
  2022)...................................................................................................................11

**Rules**

Federal Rules of Civil Procedure, Rule 23 ........... 1, 7, 11, 12, 13, 14, 15, 16, 17, 21

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

# I.   INTRODUCTION[1]

On April 17, 2025, the Court granted Preliminary Approval of the Class Action Settlement, as set forth in a Settlement Agreement ("S.A.") between Plaintiff Kevin Gregerson ("Plaintiff") and Defendant Toshiba American Business Solutions, Inc. ("TABS" or "Defendant") (together the "Parties"). Pursuant to the Court's Order, the Settlement Administrator RG/2 Claims Administration LLC ("RG/2" or "Settlement Administrator") issued notice to the Settlement Class on May 31, 2025.

Since then, direct notice has reached 98% of the Settlement Class. Settlement Class Members have filed 940 claims—which equates to a claims rate of 13.7%. The estimated average value of the *Pro Rata* Cash Payment claims is $192.81 (though that number may change as claims continue to be submitted and evaluated). Additionally, only three (3) Settlement Class Members have opted-out of the Settlement and no Settlement Class Members have objected to the Settlement. As explained below, the Settlement satisfies Rule 23(a), Rule 23(b)(3), Rule 23(e), the

---

[1] Counsel sincerely apologizes for the delay in filing for final approval. (*See* Dkt. 46.) Counsel incorrectly believed that the Motion for Final Approval was originally due on August 14, 2025. (*See* Dkt. 40-1, at 59) ("Final Approval Brief and Response to Objections Due . . . No later than 14 days prior to the Final Approval Hearing.") This mistake does not excuse the delay—rather, Counsel only wants to assure the Court that the delay was accidental (and not the result of a knowing disregard for the applicable rules). Again, Counsel sincerely apologizes for the delay—and thanks the Court for the generous *sua sponte* extension. Class Counsel also sincerely apologize for not including the Court's preferred excel spreadsheets with their Motion for Attorneys' Fees, Costs, and Expenses, these charts—with updated hours, lodestars, and expenses—are included with this filing (Exhibits 3 and 4) and will be emailed to the Court's designated email address.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

*Briseño* analysis, and the *Hanlon/Staton* factors—and the Court should grant final approval of the Settlement.[2]

## II.    BACKGROUND

### A.    Litigation History.

Defendant provides copiers, printers, managed document services, and digital signage for businesses. (*See* Dkt. 40 ("First Amended Complaint" or "FAC")). On or around December 4, 2023, cybercriminals gained unauthorized access to Defendant's computer network (the "Data Incident"). (*See* Dkt. 40-1 ("Settlement Agreement" or "S.A."), ¶ 1.26.) The Data Incident allegedly impacted the personal identifiable information ("PII") of the current and former employees of Defendant (the "Settlement Class" or "Settlement Class Members"). (FAC ¶¶ 4, 30.) In total, there are 6,883 individuals in the Settlement Class. (S.A. at 1.)

On July 22, 2024, Plaintiff filed the operative Amended Class Action Complaint—and brought claims for (1) negligence, (2) negligence *per se*, (3) breach of implied contract, (4) invasion of privacy, (5) breach of fiduciary duty, (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, (7) violation of California Consumer Privacy Act, Cal. Civ. Code § 1798.150, and (8) declaratory relief. (FAC ¶¶ 89–191.)

Over the course of several months, the Parties engaged in arms' length negotiations and exchanged informal discovery—which enabled the Parties to better

---

[2] Plaintiff filed a [Proposed] Final Approval Order as "Exhibit E" to the Settlement Agreement. (*See* Dkt. 40-1). Counsel prepared an updated [Proposed] Final Approval Order (Exhibit 5) which Counsel will also submit to the Court's designated email address.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

evaluate the strengths and weaknesses of the underlying claims and defenses. (S.A. at 2.) Eventually, the Parties agreed to the terms of the Settlement. (*Id.*) And on March 11, 2025, Plaintiff filed his Unopposed Motion for Preliminary Approval of Class Action Settlement. (*See* Dkt. 40.) Then, on April 17, 2025, the Court granted preliminary approval—and directed the Settlement Administrator to disseminate Notice to the Class. (Dkt. 43.)

**B.    The Settlement Class & California Settlement Subclass.**

The Settlement Class is defined as "[A]ll United States residents who were mailed notice by TABS that their personal information was impacted in a data incident beginning on approximately December 4, 2023. However, the Settlement Class specifically excludes: (i) TABS, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge." (S.A. ¶ 1.28).

The Settlement also provides for a California Settlement Subclass defined as "[A]ll persons residing in California who were mailed notification of the Data Incident from TABS at a California address." (*Id.* ¶ 1.2.) In total, there are 6,883 Settlement Class Members. (*See* Declaration of Dana Boub Regarding Dissemination of Notice to the Class ("Boub Decl."), ¶ 6.

1

### C.   Settlement Benefits.

2   The Settlement provides substantial and timely relief to the Settlement

3   Class—most notably, Defendant has agreed to establish a non-reversionary common

4   fund of $435,000.00 (the "Settlement Fund"). (*Id*. ¶ 1.30.) The Settlement provides

5   for the following benefits:

6   ***First***, all Settlement Class Members can claim "Out-of-Pocket Expense

7   Reimbursement" of up to $7,500.00 for monetary losses that were likely caused by

8   the Data Incident. (*Id*. ¶ 2.2.) Such claims will be paid from the Settlement Fund.

9   (*Id*. ¶ 2.1)

10   ***Second***, all California Settlement Subclass Members can claim a $150.00 cash

11   payment. (*Id*. ¶ 2.4.) Such claims will be paid from the Settlement Fund. (*Id*. ¶ 2.1)

12   ***Third***, all Settlement Class Members can claim a *pro rata* share of all

13   remaining cash (the "Net Settlement Fund") after the payment of valid claims for

14   Out-of-Pocket Expense Reimbursement and California Settlement Subclass

15   Payments. (*Id*. ¶ 2.5.) Such claims will be paid from the Settlement Fund. (*Id*. ¶ 2.1)

16   ***Fourth***, the Settlement Fund will pay for the Costs of Claims Administration,

17   Attorney Fees and Costs, and the Service Award. (*Id*. ¶ 3.2).

18   ***Fifth***, the Settlement mandates that Defendant invest in "Business Practices

19   Changes" whereby Defendant "has implemented or will implement certain

20   reasonable steps to adequately secure its systems and environments." (*Id*. ¶ 2.7.)

21   Notably, Defendant will pay for this benefit *separate and apart* from the Settlement

22   Fund. (*See id*.)

23

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

### D. The Notice Program.

Pursuant to the Court's Order, the Settlement Administrator RG/2 issued notice to the Settlement Class—which was successful and reached 98% of the Settlement Class. (Boub Decl. ¶ 10.) Initially, RG/2 received a data file containing 6,883 Settlement Class Member names and mailing addresses. (*Id.* ¶ 5.) Then, RG/2 updated the mailing addresses using the United States Postal Service's ("USPS") National Change of Address database ("NCOA"). (*Id.*)

On May 31, 2025, RG/2 issued direct notice via First Class U.S. Mail to the 6,883 Settlement Class Members. (*Id.* ¶ 6.) The notice included a link to the Settlement Website and a Class Member ID and PIN (which enabled Settlement Class Members to submit claims electronically). (*Id.*) As of August 13, 2025, 545 notices were returned as undeliverable. (*Id.* ¶ 10.) Of those, seven (7) included a forwarding address, and RG/2 immediately mailed the notice to the forwarding address. (*Id.*). Thereafter, RG/2 performed an extensive skip-trace procedures and was able to locate updated addresses for 443 Settlement Class Members. (*Id.*) Then, RG/2 promptly issued notice to the updated addresses. (*Id.*) In sum, RG/2 succeeded in providing direct mail notice to 98% of the Settlement Class. (*Id.*)

On May 31, 2025, RG/2 also established the Settlement Website at "www.TABSDataSettlement.com" to provide supplementary notice and easy access to all relevant information. (*Id.* ¶ 7.) And RG/2 established a toll-free number (866-742-4955) and email (info@rg2claims.com) so that Settlement Class Members could receive additional information, ask questions about the Settlement, and request

1  a Long-Form Notice or Claim Form by mail. (*Id.* ¶ 8.) To date, RG/2 has received

2  twelve (12) phone calls from Settlement Class Members. (*Id.*)

3        **E.**    **Opt-Outs & Objections.**

4        In total, three (3) Settlement Class Members opted out (i.e., excluded

5  themselves) from the Settlement. (*Id.* ¶ 11.) Additionally, zero (0) Settlement Class

6  Members objected to the Settlement. (*Id.* ¶ 12.)

7        **F.**    **Claims Administration.**

8        As of August 13, 2025, RG/2 has received 940 claim submissions. (*Id.* ¶ 13.)

9  In other words, 13.7% of the Settlement Class has filed a claim. (*Id.*) Therein, 728

10  selected the *pro rata* cash payment, 433 selected the California statutory payment,

11  and 17 selected out-of-pocket reimbursement. (*Id.*) However, RG/2 expects to

12  receive additional claims over the next several weeks (as the claims period is open

13  for claims postmarked by August 14, 2025). (*Id.*) Additionally, RG/2 will continue

14  to review the validity of the claims submitted. (*Id.*) At present, RG/2 estimates that

15  the value of the *pro rata* cash payment will be $192.81 per valid claimant. (*Id.*)

16  **III.**  **LEGAL STANDARD**

17        "Although there is a 'strong judicial policy that favors settlements,

18  particularly where complex class action litigation is concerned,' a settlement of class

19  claims requires court approval." *Mary Nguyen v. Westlake Servs. Holding Co*., No.

20  8:23-cv-00854, 2025 U.S. Dist. LEXIS 147801, at *10 (C.D. Cal. Jan. 27, 2025)

21  (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)).

22  And when "deciding whether to grant the Final Approval Motion and Fee Motion,

23

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

the court analyzes (1) whether to certify a class for settlement purposes and (2) the fairness of the Settlement." *Id.*

## IV.    ARGUMENT

Final approval is proper under Rule 23(a), Rule 23(b)(3),  Rule 23(e), the *Briseño* analysis, and the *Hanlon/Staton* factors. (Borrelli Decl. ¶ 2.) As explained below, the Settlement is procedurally and substantively fair, reasonable, and adequate. (*Id.* ¶ 3.) Notably, California courts readily grant final approval of analogous data breach class action settlements. *See, e.g., Tanner v. Plavan Commer. Fueling, Inc.*, No. 3:24-cv-1341, 2025 U.S. Dist. LEXIS 150643, at *3 (S.D. Cal. Aug. 4, 2025) (granting final approval of a data breach class action settlement); *Harbour v. Cal. Health & Wellness Plan*, No. 5:21-cv-03322, 2024 U.S. Dist. LEXIS 7783, at *27 (N.D. Cal. Jan. 16, 2024) (same); *Carter v. Vivendi Ticketing United States LLC*, No. SACV 22-01981, 2023 U.S. Dist. LEXIS 210744, at *36 (C.D. Cal. Oct. 30, 2023) (same); *Gupta v. Aeries Software, Inc.*, No. SA CV 20-0995, 2023 U.S. Dist. LEXIS 36141, at *21 (C.D. Cal. Mar. 3, 2023) (same); *Hashemi v. Bosley, Inc.*, No. CV 21-946, 2022 U.S. Dist. LEXIS 210946, at *1 (C.D. Cal. Nov. 21, 2022). Here too, the Court should grant final approval.

### A.    The Settlement Class satisfies Rule 23(a) and Rule 23(b)(3).

Previously, the Court found that the Settlement Class satisfied Rule 23(a) and Rule 23(b)(3). (Dkt. 43, at 5–10.) Since then, there has been no intervening change in law or fact to disturb the Court's initial finding. *See Atzin v. Anthem, Inc.*, No. 2:17-cv-06816, 2022 U.S. Dist. LEXIS 166417, at *8–9 (C.D. Cal. Sep. 14, 2022)

("Nothing has changed to disturb that conclusion, and class certification remains appropriate."). And as explained below, the Settlement Class still satisfies numerosity, commonality, typicality, adequacy, predominance, and superiority. (Borrelli Decl. ¶ 4.) Thus, the Court should grant final approval.

*Numerosity* is satisfied when "the class is so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1). "As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members." *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 602–03 (C.D. Cal. 2015). Here, there are 6,883 Class Members. (S.A. at 1.). Thus, numerosity is readily satisfied. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *5 (granting final approval and finding numerosity satisfied with 2,948 class members).

*Commonality* is satisfied when "there are questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). Here, there are numerous common questions including "if Defendant had a duty to use reasonable care in safeguarding Plaintiff's and the Class's PII" and "if Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach" and "if the Data Breach caused Plaintiff and the Class injuries[.]" (FAC ¶ 87.) These questions establish commonality. *See, e.g., Tanner*, 2025 U.S. Dist. LEXIS 150643, at *5–6 (granting final approval of a data breach settlement and finding commonality satisfied); *Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (same); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

***Typicality*** is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). Here, the claims and relevant defenses of Plaintiff mirror those of Class Members— after all, the claims and defenses all arise from the same Data Incident. (Borrelli Decl. ¶ 5.) These similarities establish typicality. *See, e.g., Tanner*, 2025 U.S. Dist. LEXIS 150643, at *5–6 (granting final approval of a data breach settlement and finding typicality satisfied); *Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (same); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

***Adequacy*** is satisfied when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Here, Class Counsel "has significant experience in complex class action litigation and is currently litigating hundreds of data breach cases in courts across the country." (Borrelli Decl. ¶ 6.) Moreover, Plaintiff Kevin Gregerson "dedicated approximately forty (40) hours to [his] responsibilities as a Class Representative" including by, *inter alia*, "reviewing the documents filed in this action (e.g., the complaint and settlement agreement)" and "speaking with and communicating with my attorneys (and answering their many questions)" and "communicating with my fellow Class Members about the impacts of the Data Breach and the litigation[.]" (*See* Declaration of Kevin Gregerson ("Gregerson Decl."), ¶ 4.) These facts establish adequacy. *See also Tanner*, 2025 U.S. Dist. LEXIS 150643, at *5–6 (granting final approval of a data breach settlement and finding adequacy satisfied); *Harbour*, 2024 U.S. Dist.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

1  LEXIS 7783, at *9–10 (same); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10

2  (same).

3      ***Predominance*** is satisfied when "questions of law or fact common to class

4  members predominate over any questions affecting only individual members[.]"

5  Fed. R. Civ. P. 23(b)(3). For example, in *Tanner*, the court granted final approval

6  after finding that "[t]he main common question in this case which would be subject

7  to common proof is whether [defendant] failed to properly secure and safeguard the

8  Settlement Class's personal identifiable information" and "[t]hat question

9  predominates in the case." 2025 U.S. Dist. LEXIS 150643, at *5–6. Here too, "the

10 main question of this case is whether Defendant failed to properly secure the PII of

11 its current and former employees." (Borrelli Decl. ¶ 7.) Thus, predominance is

12 satisfied. *See also Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (granting final

13 approval of a data breach settlement and finding predominance satisfied); *Carter*,

14 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

15     ***Superiority*** is satisfied when "a class action is superior to other available

16 methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P.

17 23(b)(3). For example, in *Tanner*, the court granted final approval after finding that

18 "given . . . the number of potential class members, the Court concludes that a class

19 action is a superior mechanism[.]" 2025 U.S. Dist. LEXIS 150643, at *5–6. Here

20 too, individual adjudication of the 6,883 claims of Class Members would strain

21 judicial resources. (Borrelli Decl. ¶ 8.) Thus, superiority is satisfied. *See also*

22 *Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (granting final approval of a data

23

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

breach settlement and finding superiority satisfied); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

### B.    Final Approval Is Appropriate Under Rule 23(e).

Under Rule 23(e), courts must consider four factors when determining if a settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). These factors include two "procedural factors" and two "substantive factors." WILLIAM B. RUBENSTEIN, NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 13:48 (6th ed. 2022). The "procedural factors" are whether "(A) the class representatives and class counsel have adequately represented the class" and "(B) the proposal was negotiated at arm's length[.]" Fed. R. Civ. P. 23(e)(2). The "substantive factors" are whether "(C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *Id*. Here, all four factors support final approval.

### 1.    Class Counsel and Plaintiff Provided Adequate Representation.

The procedural factor Rule 23(e)(2)(A) supports final approval because Class Counsel and the Plaintiff provided adequate representation. (Borrelli Decl. ¶ 9.) As explained above, Class Counsel has significant experience in data breach class action

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

litigation. (*Id*. ¶ 6.) And Plaintiff Kevin Gregerson vigorously pursued his claims—which are coextensive with the claims of the Class—and "dedicated approximately forty (40) hours to [his] responsibilities as a Class Representative[.]" ("Gregerson Decl."), ¶ 4.) Thus, this factor supports final approval. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *7–8 (finding that this factor supported final approval).

### 2.    The Settlement was Negotiated at Arm's Length.

The procedural factor Rule 23(e)(2)(B) supports final approval because the Settlement was negotiated at arm's length. (Borrelli Decl. ¶ 10.) Here, the Parties exchanged informal discovery which enabled the Parties to better evaluate the strengths and weaknesses of the underlying claims and defenses. (S.A. at 2.) Then, the Parties engaged in arm's length negotiations "over the course of several months[.]" (*Id*.) Moreover, "to avoid any conflict of interest, the Parties agreed to not negotiate attorney fees or the service award until after the core terms of the Settlement were agreed upon." (Borrelli Decl. ¶ 11.) Thus, this factor supports final approval. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *7–8 (finding that this factor supported final approval).

### 3.    The Settlement Provides Adequate Relief.

The substantive factor Rule 23(e)(2)(C) supports final approval because the relief provided by the Settlement is adequate. (Borrelli Decl. ¶ 12.) Here, the Settlement Fund of $435,000.00 equates to a value of $63.20 per Settlement Class Member—which compares favorably to analogous data breach class action settlements. *See, e.g., Harbour*, 2024 U.S. Dist. LEXIS 7783, at *27 (providing

approximately $6.62 per person for a class of 1.51 million); *Tanner*, 2025 U.S. Dist. LEXIS 150643, at *3–5 (providing approximately $101.76 per person for a class of 2,948); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *3–5 (providing approximately $6.86 per person for a class of 437,310); *Gupta*, 2023 U.S. Dist. LEXIS 36141, at *5–6 (providing approximately $17.82 per person for a class of 98,199); *Hashemi*, 2022 U.S. Dist. LEXIS 210946, at *1 (providing approximately $4.62 per person for a class of 108,101).

Moreover, the substantive factors in Rule 23(e)(2)(C) includes four (4) separate subfactors for the court to "tak[e] into account." *See* Rule 23(e)(2)(C). Here, three of these subfactors support final approval, and one subfactor is neutral.

***First***, Rule 23(e)(2)(C)(i) supports final approval because trial and/or appeal would be costly, risky, and would delay relief to Class Members. (Borrelli Decl. ¶ 13.) Indeed, "Plaintiff faced serious risks prevailing on the merits, including proving causation, as well as risks at class certification and at trial, and surviving appeal." (*Id*. ¶ 14.) Thus, "a settlement today not only avoids the risks of continued litigation, but it also provides benefits to the Settlement Class Members now as opposed to after years of risky litigation." (*Id*. ¶ 15.) Thus, Rule 23(e)(2)(C)(i) supports final approval. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *9 (finding that this factor supported final approval).

***Second***, Rule 23(e)(2)(C)(ii) supports final approval because the proposed methods for distributing relief and processing claims are effective. (Borrelli Decl. ¶ 16.) Here, the relief is tailored to the specific injuries that Settlement Class Members

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

incurred (i.e., compensation for out-of-pocket losses versus cash payments). (S.A. ¶¶ 2.2–2.5.) Moreover, Settlement Class Members were able to file claims via mail or online—which resulted in a strong claims rate of 13.7%. (Boub Decl. ¶ 13.) Simply put, the Settlement—and the methods for distributing relief and processing claims—compare favorably with analogous data breach settlements. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *9–10 (finding that this factor supported final approval because "the relief distribution is straightforward" and "[c]lass members were able to easily complete and submit either by mail or online a claim form").

**Third**, Rule 23(e)(2)(C)(iii) supports final approval because the proposed award of attorney fees is reasonable. (Borrelli Decl. ¶ 17.) The Settlement Agreement contemplated a fee award of "up to one-third of the Settlement Fund[.]" (S.A. ¶ 7.2.) Previously, the Court noted that such a request would be "above the common benchmark of 25% of the fund." (Dkt. 43, at 17.) As such, Class Counsel reduced their fee request to 25% of the fund. (Dkt. 44, at 10.) This voluntary reduction further supports the reasonableness of the Settlement and the proposed fee award. (Borrelli Decl. ¶ 18.)

Additionally, the Court noted the "timing of payment" whereby the "Settlement provides that any fees awarded to class counsel must be paid . . . well in advance of when class members can expect to be compensated." (Dkt. 43, at 17.) To address these concerns, Class Counsel has requested that RG/2 delay disbursing any Court approved attorney fees until the Settlement Class Members are issued settlement payments. (Borrelli Decl. ¶ 19.) As such, Class Counsel will not receive

payment before Class Members—which further supports the reasonableness of the Settlement and the proposed fee award. (*Id.* ¶ 20.) Thus, Rule 23(e)(2)(C)(iii) supports final approval.

**Fourth**, Rule 23(e)(2)(C)(iv) is neutral toward final approval because there is no agreement that requires identification. (*Id.* ¶ 21.)

### 4.    The Settlement Treats Class Members Equitably.

The substantive factor Rule 23(e)(2)(D) supports final approval because the Settlement treats Class Members equitably. (Borrelli Decl. ¶ 22.) For example, in *Tanner*, the court held that "this factor is satisfied because although class members may receive differing payouts under the Settlement, those differing amounts are based on class members' differing costs resulting from the data breach." 2025 U.S. Dist. LEXIS 150643, at *10–11. Likewise, the Settlement provides relief tailored to the specific injuries that Settlement Class Members incurred (i.e., compensation for out-of-pocket losses versus cash payments). (S.A. ¶¶ 2.2–2.5.)

Finally, the requested Service Award of $5,000 is "presumptively reasonable." *Tanner*, 2025 U.S. Dist. LEXIS 150643, at *18–19 (collecting cases); *see also Tobias v. Nvidia Corp.,* No. 20-cv-06081, 2025 U.S. Dist. LEXIS 11615, at *3 n.1 (N.D. Cal. Jan. 16, 2025) ("At some point, the common law will have to reckon with inflation. $5,000 in February 2012, when the *Harris* decision was issued, had the same buying power as $6,931.41."). Moreover, Plaintiff Kevin Gregerson vigorously pursued his claims and "dedicated approximately forty (40) hours to [his] responsibilities as a Class Representative[.]" (Gregerson Decl. ¶ 4.)

In sum, the procedural and substantive factors of Rule 23(e)(2) all support final approval (with the caveat that Rule 23(e)(2)(C)(iv) is neutral).

**C.    The Settlement is Proper Under *Briseño* and the *Bluetooth* Factors.**

In the Ninth Circuit, class action settlements are often reviewed for the "three red flags" delineated by *Briseño v. Henderson*, 998 F.3d 1014, 1026 (9th Cir. 2021). These "three red flags" are also called the *"Bluetooth"* factors. *Id*. The three (3) factors are: "(i) if class counsel receives a disproportionate distribution of the gross settlement amount; (ii) if any of the gross settlement amount reverts to the defendant; and (iii) if there is a 'clear sailing arrangement.'" *Hashemi*, 2022 U.S. Dist. LEXIS 210946, at *17.

The first factor is satisfied because Class Counsel has requested the "benchmark" fee of 25% of the fund. (Borrelli Decl. ¶ 23.) The second factor is satisfied because the Settlement Agreement lacks a "reverter" or "kicker" clause." (*Id*. ¶ 24.) And while the Settlement Agreement provides that Defendant "has agreed not to oppose" the fee motion, such a clause is not a "death knell" when the settlement is otherwise fair, reasonable, and adequate. (S.A. ¶ 7.2.) And "the mere presence of a clear sailing arrangement is not 'an independent basis for withholding settlement approval.'" *Hashemi*, 2022 U.S. Dist. LEXIS 210946, at *20–21 (quoting *Briseño*, 998 F.3d at 1027). Rather, "such arrangements are material only if there is evidence of at least one of the other two *Briseño* factors[.]" *Id*. Thus, the Settlement is proper under *Briseño*, and the Court should grant final approval.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

**D.    The *Hanlon/Staton* Factors Support Final Approval.**

In the Ninth Circuit, courts often apply the eight (8) *Hanlon/Staton* factors when evaluating the fairness, reasonableness, and adequacy of a class settlement. *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998).[3] While these factors largely overlap with the Rule 23(e)(2) analysis, Class Counsel provides the following brief analysis of the *Hanlon/Staton* factors (for the sake of thoroughness).

As explained below, seven of the eight factors support approval (and one factor is neutral). Thus, on balance, the *Hanlon/Staton* factors support final approval.

**1.    The Strength of Plaintiff's Case.**

The first *Hanlon/Staton* factor supports final approval because the strength of Plaintiff's case is uncertain. (Borrelli Decl. ¶ 25.) To be sure, Plaintiff believes in the merits of his case, but Defendant unequivocally "denies each and every claim and contention alleged against it in the Litigation." (S.A. at 2.); *see Tanner*, 2025 U.S. Dist. LEXIS 150643, at *9 ("While Plaintiff believes in the merits of the case, '[defendant] denies the allegations and the claims made in the Complaint' . . . and there is no guarantee that Plaintiff would prevail. The Court finds these risks weigh in favor of approval."); *see also In re Onix Grp., LLC Data Breach Litig*., No. 23-2288, 2024 U.S. Dist. LEXIS 225686, *27 (E.D. Pa. Dec. 13, 2024) ("[T]here is a risk of establishing liability, and in turn, damages, because this case involves a number of open questions, including whether Defendant owed a duty to the class to

---

[3] The *Hanlon* factors are also called the "*Staton* factors" or the "*Churchill* factors." *See Briseño*, 998 F.3d at 1023 (9th Cir. 2021) (discussing the "*Hanlon/Staton* factors"); *Harbour*, 2024 U.S. Dist. LEXIS 7783, at *12 (N.D. Cal.) (discussing the "*Churchill* factors").

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

safeguard sensitive information, whether Defendant breached that duty[.]"). Thus, this factor supports final approval.

### 2. The Risk, Expense, Complexity, and Duration of Litigation.

The second *Hanlon/Staton* factor supports final approval because further litigation would be complex, expensive, and protracted. (Borrelli Decl. ¶ 26.) Indeed, "data breach litigation raises complex issues of damages and causation which can impede, or even prevent, plaintiffs from achieving success on the merits." (*Id*. ¶ 27.); *see also Hashemi v. Bosley, Inc.,* No. CV 21-946, 2022 U.S. Dist. LEXIS 119454, at *18 (C.D. Cal. Feb. 22, 2022) (explaining that "data breach class actions are a relatively new type of litigation and that damages methodologies in data breach cases are largely untested and have yet to be presented to a jury"). Thus, this factor supports final approval.

### 3. The Risk of Maintaining Class Action Status.

The third *Hanlon/Staton* factor supports final approval because achieving— and then maintaining—class certification is acutely difficult for data breach cases. (Borrelli Decl. ¶ 28.) Indeed, "no data breach class action has reached the trial stage . . . the trial risk is difficult to quantify and raises the uncertainty involved in the case[.]" *In re Canon United States Data Breach Litig*., No. 20-CV-6239, 2024 U.S. Dist. LEXIS 138499, at *30 (E.D.N.Y. Aug. 5, 2024); *see also Maldini v. Marriott Int'l, Inc.*, 140 F.4th 123 (4th Cir. 2025) (decertifying class in data breach class action). Thus, this factor supports final approval.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

### 4.    The Amount Offered in Settlement.

The fourth *Hanlon/Staton* factor supports final approval because the Settlement provides substantial value—i.e., the Settlement Fund of $435,000.00 equates to a value of $63.20 per Settlement Class Member. (Borrelli Decl. ¶ 29.) Such relief compares favorably to analogous data breach class action settlements. *See, e.g., Harbour*, 2024 U.S. Dist. LEXIS 7783, at *27 (providing approximately $6.62 per person for a class of 1.51 million); *Tanner*, 2025 U.S. Dist. LEXIS 150643, at *3–5 (providing approximately $101.76 per person for a class of 2,948); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *3–5 (providing approximately $6.86 per person for a class of 437,310); *Gupta*, 2023 U.S. Dist. LEXIS 36141, at *5–6 (providing approximately $17.82 per person for a class of 98,199); *Hashemi*, 2022 U.S. Dist. LEXIS 210946, at *1 (providing approximately $4.62 per person for a class of 108,101). Thus, this factor supports final approval.

### 5.    The Extent of Discovery and Stage of Proceedings.

The fifth *Hanlon/Staton* factor supports final approval because "Class Counsel engaged in substantial pre-suit discovery and the Parties exchanged informal discovery—including, *inter alia*, information about the scope of the Data Breach, the size of the Settlement Class, and Defendant's response to the Data Breach." (Borrelli Decl. ¶ 30.) Thus, the Parties were able to objectively evaluate the strengths and weaknesses of the underlying claims and defenses. (*Id.* ¶ 31.); *see also Tanner*, 2025 U.S. Dist. LEXIS 150643, at *8 ("Counsel possessed sufficient

information to make an informed decision about the settlement[.]"). Thus, this factor supports final approval.

### 6. The Experience and Views of Counsel.

The sixth *Hanlon/Staton* factor supports final approval because Class Counsel "has significant experience in complex class action litigation and is currently litigating hundreds of data breach cases in courts across the country." (Borrelli Decl. ¶ 32.) And based off this experience, Class Counsel believes that the Settlement is fair, reasonable, and adequate. (*Id.* ¶ 33.); *see also Tanner*, 2025 U.S. Dist. LEXIS 150643, at *11 ("That such experienced counsel advocate in favor of the settlement weighs in favor of approval."). Thus, this factor supports final approval.

### 7. The Presence of a Governmental Participant.

The seventh *Hanlon/Staton* factor is neutral because there is no governmental participant. (Borrelli Decl. ¶ 34.)

### 8. The Reaction of the Class Members.

The eighth *Hanlon/Staton* factor supports final approval because the Settlement Class has reacted favorably to the Settlement. For one, Settlement Class Members submitted 940 valid claims—which equates to a claims rate of 13.7%. (*Id.* ¶ 13.) Moreover, only three (3) Settlement Class Members submitted opt-out requests and no Settlement Class Members objected to the Settlement. (*Id.* ¶¶ 11-12.); *see also Tanner*, 2025 U.S. Dist. LEXIS 150643, at *12 ("The absence of a large number of objections to a proposed class action settlement raises a strong

-20-

presumption that the terms of a proposed class settlement action are favorable to the class members."). Thus, this factor strongly supports final approval.

### E.   The Notice Program Satisfied Due Process.

The Court should approve the notice program—which was successful and provided direct notice to 98% of the Settlement Class. (Boub Decl. ¶ 10.) Moreover, the notice program provided Settlement Class Members with all the information required by due process, Rule 23(c)(2)(B), and the Court's Preliminary Approval Order. (*See* Dkt. 40-1, at 29–50.) And the success of the notice program is underscored by the high claims rate of 13.7%. (Boub Decl. ¶ 13.) Thus, the success of the notice program further supports final approval. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *7 (finding notice sufficient and granting final approval).

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant final approval, finally certify the Settlement Class for purposes of settlement, and enter the proposed final approval order.

Dated: August 14, 2025          By: */s/ Andrew G. Gunem*
                                    Andrew G. Gunem (SBN 354042)
                                    agunem@straussborrelli.com
                                    Raina C. Borrelli (*pro hac vice*)
                                    raina@straussborrelli.com
                                    **STRAUSS BORRELLI PLLC**
                                    980 N. Michigan Avenue, Ste. 1610
                                    Chicago, IL 60611
                                    Telephone: (872) 263-1100
                                    Facsimile: (872) 263-1109

                                    William B. Federman (*pro hac vice*)

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

wbf@federmanlaw.com
Kennedy M. Brian (*pro hac vice*)
kpb@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

*Proposed Settlement Class Counsel*

Byron T. Ball (SBN 150195)
btb@balllawllp.com
**THE BALL LAW FIRM APC**
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 980-8039
Facsimile: (415) 477-6710

*Additional Plaintiff's Counsel*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT

1

## **CERTIFICATE OF COMPLIANCE**

2

3
The undersigned, counsel of record for Plaintiff, certifies that this brief contains 5,259 words, which complies with the word limit of L.R. 11-6.1.

4

5
Dated: August 14, 2025            By: */s/ Andrew G. Gunem*
                                         Andrew G. Gunem

6

7

## **CERTIFICATE OF SERVICE**

8

9
I hereby certify that on August 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

10

11

12
Dated: August 14, 2025            By: */s/ Andrew G. Gunem*
                                         Andrew G. Gunem

13

14

15

16

17

18

19

20

21

22

23